UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN M. MORIARTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-09870 |
| | ) | |
| RANDY L. GOFFE | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, JOHN M. MORIARTY ("Mr. Moriarty" or "Plaintiff"), by and through his undersigned attorneys, complains against Defendant, RANDY L. GOFFE, ("Mr. Goffe" or "Defendant"), as follows:

**I.  INTRODUCTION**

1. This is an action for breach of contract and copyright infringement.

2. Plaintiff is an artist who created two album covers for Defendant in exchange for 20% of all revenues Defendant's albums generated.

3. Mr. Moriarty provided original cover artwork for two of Mr. Goffe's albums, *Odyssey* (2014) and *Before the Night* (2014), relying on Mr. Goffe's promise to share 20% of the album earnings.

4. Plaintiff is the owner of the copyright registration VA0002452642 for the cover artwork created for the album *Odyssey* by Home ("Copyrighted Work"). A copy of the copyright registeation is attached as Exhibit 3.

1

5. The parties memorialized the agreement in writing via Facebook Messenger attached as Exhibit 1 and incorporated herein. The agreement also granted Defendant an implied license to the Copyrighted Work.

6. These albums—and particularly the song "Resonance" from *Odyssey*—achieved viral success, generating substantial revenue in the form of sales, licensing, and streaming royalties.

7. Defendant has failed to pay Plaintiff the agreed 20% share of these revenues, despite repeated acknowledgments of the debt, thereby breaching the parties' agreement.

## II. PARTIES

8. Plaintiff, JOHN M. MORIARTY, is a visual artist and designer currently domiciled in North Carolina. At all relevant times, Mr. Moriarty was an independent artist who created cover artwork for musical recording projects.

9. Defendant, RANDY L. GOFFE, is an individual domiciled in Chicago, Illinois. Mr. Goffe is an electronic music producer who releases music under the name "HOME."

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338, as this action arises under the laws of the United States, specifically the Copyright Act, 17 U.S.C. § 101, *et seq*.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400, as Defendant resides in the state of Illinois, entered into a contract substantially connected with Illinois. The contract was partially negotiated and performed via communications directed to Mr. Moriarty while Mr. Goffe was in Illinois, and Mr. Goffe's payment obligations were to be fulfilled from Illinois**.** Additionally, a substantial part of the events or omissions giving rise to the claims

occurred in this District, in that Mr. Goffe's failure to pay and communications related thereto emanated from this District.

## IV. FACTUAL BACKGROUND

i. <u>The 20% Royalty Agreement</u>

12. In late 2013, Plaintiff and Defendant began corresponding over Facebook Messenger. Plaintiff's Facebook Messenger name is "Olvasott Könyvek" and Defendant's Facebook Messenger name is "Randy Goffe."

13. Via Facebook Messenger, Mr. Goffe solicited Mr. Moriarty's services to create cover art for Mr. Goffe's upcoming debut album *Odyssey*.

14. The parties, communicating via Facebook Messenger, agreed that Mr. Moriarty would design and license the album cover up-front at no charge, in exchange for "20% of any future earnings" generated by the album.

15. Shortly thereafter, Mr. Moriarty delivered the finished *Odyssey* cover artwork to Mr. Goffe, and the album was released with Mr. Moriarty's art on or about June 30, 2014.

16. Mr. Goffe confirmed his acceptance of these terms in writing. *For example:* on December 8, 2014, Mr. Goffe wrote to Mr. Moriarty, *"I can do 20%, that works."* This written exchange constitutes a valid and enforceable contract (the "Agreement") for the *Odyssey* album art.

ii. <u>Extension of Agreement to Second Album</u>

17. In 2014, Mr. Goffe asked Mr. Moriarty to create the cover art for his second album, *Before the Night*, under the same compensation terms. Mr. Moriarty agreed, and the parties proceeded under their original 20% revenue-sharing Agreement for this second project as well.

18. Mr. Moriarty created original artwork for *Before the Night*, and the album was released in late 2014 featuring Mr. Moriarty's art.

3

19. Thus, the Agreement's 20%-of-earnings payment term applied to both albums: *Odyssey* and *Before the Night* (collectively, "the Albums").

iii. Plaintiff's Performance

20. Mr. Moriarty fully performed his obligations under the Agreement. He delivered high-quality, original cover artwork for each of the Albums, which Mr. Goffe commercially exploited by using the art on the album covers and related marketing.

21. Mr. Moriarty also granted Mr. Goffe an implied license to use the artwork in connection with the Albums' sales, distribution, and promotion. Mr. Moriarty did not charge any upfront fee, instead relying on the agreed-upon share of revenues.

iv. Defendant's Exploitation of the Albums

22. With Mr. Moriarty's covers enhancing their presentation, *Odyssey* and *Before the Night* were released, enabling the Albums to hit critical and popular acclaim in the synthwave/electronic music community.

23. In or around 2016–2017, the song "Resonance" from *Odyssey* went viral on YouTube and social media, dramatically boosting the Albums' popularity.

24. Mr. Goffe subsequently expanded distribution of the Albums, including releasing them on streaming platforms (Spotify, Apple Music, etc.), vinyl records, and other media. The track *Resonance* in particular has since achieved widespread recognition: it has amassed over 350 million streams on Spotify alone (equating to an estimated $1.5–2 million in streaming royalties), and physical album sales and licensing deals have generated additional income. Home has 2.2 million monthly listeners on Spotify.

25. The Albums together continue to produce significant revenue for Mr. Goffe through streaming, sales, and merchandise.

v. <u>Defendant's Partial Payments and Acknowledgments</u>

26. Initially, Mr. Goffe made a few token payments reflecting Mr. Moriarty's 20% share from early Bandcamp and vinyls sales of *Odyssey*.

27. For example, in mid-2014, Mr. Goffe forwarded approximately $20 to Mr. Moriarty (about 20% of initial album sales) and in January 2015 an additional $30 via the record label, as partial revenue share.

28. These modest sums reflected the Albums' earnings before they went "viral." However, as the Albums' popularity (and Mr. Goffe's income) exploded from 2016 onward, Mr. Goffe failed to remit further revenue shares to Mr. Moriarty.

29. On April 13, 2016, Mr. Moriarty messaged Mr. Goffe inquiring about the lack of transparency and payment. Mr. Goffe responded in writing, acknowledging the debt to Mr. Moriarty by stating, "I have no issue with you asking for your cut of the revenue, you're entitled to a fair share and now that I have a bit more direct control over revenues I'm going to be more on top of that. I'm more than happy to stick with a 20% share, that'll work fine" and affirmed "there is definitely money owed to you."

30. On July 11, 2016, Mr. Goffe messaged Mr. Moriarty that, "Just received another payment, I'll get a screenshot and send you your 20% when I get home later."

31. This written acknowledgment by Mr. Goffe—made after he reached adulthood—confirmed the ongoing validity of the 20% Agreement and Mr. Goffe's awareness of his payment obligations under it.

32. On August 8, 2016, Mr. Goffe emailed Mr. Moriarty that, "Also I'll be sending your cut of the Odyssey/Before The Night royalties for last month and this month as soon as I can,

Spotify is taking forever to report theirs and I've been in touch with them twice about it, fingers crossed for sometime this week." See Exhibit 2.

    vi.    <u>Defendant's Breach and Cessation of Payments</u>

33.    Despite his acknowledgments, Mr. Goffe did not follow through. Aside from the small payments in 2014-2016, Mr. Moriarty has not received his 20% share of the Albums' earnings.

34.    Mr. Goffe made some initial payments reflecting Mr. Moriarty's 20% share from early Bandcamp and vinyl sales of *Odyssey*. For example, Mr. Moriarty earned a nominal amout of money from Bandcamp sales, in mid-2014, Mr. Goffe forwarded approximately $20 to Mr. Moriarty (about 20% of initial album sales) and in January 2015 an additional $30 via the record label.

35.    For instance: (a) As streaming royalty checks in the years 2016-2023 poured in for Mr. Goffe (totaling in the hundreds of thousands of dollars, if not more), Mr. Moriarty's 20% cut was never remitted; and (b) Even after Mr. Moriarty's repeated requests for an accounting and payment (and even after third-party intervention indicating six-figure sums had been paid to Mr. Goffe's accounts), Mr. Goffe failed and refused to pay Mr. Moriarty's share.

36.    Mr. Goffe effectively stopped communicating with Mr. Moriarty about payments after 2017 and has retained all earnings for himself.

**V.**    **DAMAGES TO PLAINTIFF**

37.    As a direct result of Mr. Goffe's non-payment, Mr. Moriarty has been deprived of the benefit of his bargain.

38.    Mr. Moriarty's contribution of artwork significantly enhanced the branding and success of the Albums—indeed, the *Odyssey* cover art has become iconic and synonymous with Mr. Goffe's public image—yet Mr. Moriarty has received virtually nothing in return.

6

39. Based on available information (including streaming counts, sales figures, and industry royalty rates), Mr. Moriarty estimates that he is owed in excess of $300,000 (three hundred thousand dollars) as his 20% share of past earnings to date, and growing.

40. Mr. Goffe's breach of the Agreement has caused Mr. Moriarty financial harm in that Mr. Moriarty never received compensation for the considerable value he provided.

41. Mr. Moriarty brings this action to recover the contractually promised share of proceeds that Mr. Goffe continues to withhold.

VI. CLAIMS

### COUNT I
### BREACH OF CONTRACT
(Against Randy L. Goffe)

42. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. A valid and enforceable contract exists between Mr. Moriarty and Mr. Goffe, as evidenced by their written Messenger exchange and subsequent course of conduct. See 810 ILCS 5/ Uniform Commerical Code.

44. The contract's terms provided that Mr. Moriarty would supply album artwork for *Odyssey* (and later *Before the Night*) in consideration for 20% of all earnings derived from those albums (the "Revenue Share Agreement").

45. The contract is memorialized in writing and was reconfirmed by Defendant in later communications.

46. Mr. Moriarty has fully performed under the contract. He delivered the agreed-upon artwork for both albums and granted the necessary usage rights, and he did so at no upfront cost to Mr. Goffe.

7

47. Mr. Moriarty satisfied all conditions precedent, if any, and at all times was ready, willing, and able to perform any remaining obligations on his part.

48. Mr. Goffe materially breached the contract by failing to pay Mr. Moriarty 20% of the earnings from *Odyssey* and *Before the Night*.

49. Specifically, Mr. Goffe has withheld Mr. Moriarty's share of: (a) digital sales revenues, (b) streaming royalties, (c) merchandise profits, and (d) any other income generated by the Albums.

50. Mr. Goffe's failure to remit these funds to Mr. Moriarty, or to account for them, constitutes a breach of the Revenue Share Agreement.

51. Mr. Goffe effectively repudiated his payment obligations by retaining all proceeds for himself.

52. As a direct and proximate result of Mr. Goffe's breach, Mr. Moriarty has suffered monetary damages in an amount to be proven at trial.

53. Mr. Moriarty's damages include, at minimum, 20% of all amounts that Mr. Goffe has collected (and will collect) from exploitation of the Albums, estimated to exceed $300,000 to date, plus applicable interest. Mr. Moriarty is also entitled to recover any additional consequential damages arising from the breach, as well as prejudgment interest on unpaid royalties.

**COUNT II**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et seq*.)**
(Against Randy L. Goffe)

54. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

55. Plaintiff is the owner of the copyright registration VA0002452642 for the original cover artwork created for the album *Odyssey*.

56. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for the album cover for *Odyssey*, and has obtained a valid copyright registration.

57. Defendant has used and continues to use Plaintiff's Copyrighted Work on the album cover, marketing materials, and other media without payment of the agreed-upon 20% share of revenues for *Odyssey*.

58. Defendant has failed to pay Plaintiff a 20% share of earnings for *Odyssey*, materially breaching the Agreement and revoking an implied license to Defendant.

59. Defendant's unauthorized use of Plaintiff's copyrighted artwork constitutes copyright infringement under the Copyright Act, 17 U.S.C. § 501.

60. As a direct and proximate result of Defendant's copyright infringement, Plaintiff has suffered and continues to suffer damages, including lost revenue and harm to his exclusive rights as the copyright owner.

61. Plaintiff is entitled to recover actual damages and any additional profits of the Defendant attributable to the infringement, as well as statutory damages, costs, and attorneys' fees pursuant to 17 U.S.C. § 504 and § 505.

## PRAYER FOR RELIEF

62. WHEREFORE, Plaintiff John M. Moriarty respectfully requests that this Court enter judgment in his favor and against Defendant Randy L. Goffe, and award the following relief:

   a. Compensatory Damages in an amount to be determined at trial, representing at least 20% of all earnings from *Odyssey* and *Before the Night* wrongfully withheld by Defendant, together with pre-judgment interest as permitted by law;

   b. Accounting and Disgorgement of any additional proceeds derived from the Albums to ensure full payment of the 20% share to Plaintiff;

    c.       Costs of suit, including reasonable attorneys' fees if recoverable by contract or statute; and

    d.       Such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiff, JOHN M. MORIARTY, respectfully requests that this Court enter judgment in its favor and against Defendant, RANDY L. GOFFE, in the amount in excess of $300,000 plus attorneys' fees, interest and costs, and for any other such relief that the Court finds necessary or proper under the circumstances.

                                                Respectfully submitted,

                                                **JOHN M. MORIARTY**
                                                Plaintiff

                                                By:   /s/*Rebecca Weissman*
                                                          Attorney for Plaintiff

Alexander Loftus, Esq.
Rebecca Weissman, Esq.
LOFTUS & EISENBERG, LTD.
181 W. Madison St., Suite 4700
Chicago, Illinois 60602
p: 312.899.6625
alex@loftusandeisenberg.com
rebecca@loftusandeisenberg.com

Dated: August 19, 2025